ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com, tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
MAXIM B. LITVAK (CA Bar #215852)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and mlitvak@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs,
Debtors and Debtors in Possession*

HON. WHITMAN L. HOLT

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br>EASTERDAY RANCHES, INC., *et al.*<br>Debtors.[1] | Chapter 11<br>Lead Case No. 21-00141-11<br>Jointly Administered |
| EASTERDAY RANCHES, INC. and EASTERDAY FARMS,<br>Plaintiffs,<br>v.<br>ESTATE OF GALE A. EASTERDAY (DECEASED), KAREN L. EASTERDAY, CODY A. EASTERDAY, AND DEBBY EASTERDAY<br>Defendants. | Adv. Pro. No.: 21-_____ (WLH)<br>**COMPLAINT (I) TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY AND (II) FOR DECLARATORY JUDGMENT** |

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

DOCS_SF:105780.5 20375/001
COMPLAINT AGAINST EASTERDAYS – Page 1

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Easterday Ranches, Inc. ("Ranches") and Easterday Farms ("Farms"), the above-captioned debtors and debtors in possession (collectively, the "Debtors" or "Plaintiffs"), hereby submit this Complaint and in support hereof respectfully state as follows:

## NATURE OF ACTION

1. This adversary proceeding seeks a determination regarding the interests of the Debtors' estates in certain real estate and related property in Benton County, Washington (collectively, the "Disputed Property") that was allegedly owned, at least in part, by individual members of the Easterday family.[2] The Disputed Property was recently sold by the Debtors, as part of a larger package of assets with a total purchase price of $209 million, pursuant to an order of this court (the "Sale"). It is the Debtors' position that the proceeds of the Disputed Property from the Sale properly and beneficially belong to the Debtors' estates (and not to the Easterdays).

2. Specifically, the Disputed Property was titled in one of three ways: (1) in the name of either Ranches or Farms, (2) in the name of Defendant members of the Easterday family "dba Easterday Farms, a partnership" or words to that effect, or (3) in the name of Defendant members of the Easterday family, but upon information and belief, was acquired with the Debtors' assets and intended to be owned by Farms. In any of the foregoing scenarios, one or both of the Debtors' estates properly and beneficially owned the Disputed Property.

3. By this Complaint, the Debtors seek a judicial determination and declaratory judgment that the proceeds of the Disputed Property belong solely to the Debtors' estates. For the avoidance of doubt, the Debtors do not seek by this Complaint

---

[2] For purposes herein, the term "Easterday" or "Easterdays" refers to, as applicable, Defendants Estate of Gale A. Easterday (deceased), Karen L. Easterday (widow of Gale A. Easterday), and/or Cody A. Easterday and Debby Easterday (husband and wife).

DOCS_SF:105780.5 20375/001
COMPLAINT AGAINST EASTERDAYS – Page 2

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

an allocation of the proceeds of the Disputed Property as between the two Debtor estates.

## JURISDICTION AND VENUE

4. This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b).

6. Venue of the Debtors' bankruptcy cases and this adversary proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. Pursuant to Bankruptcy Rule 7008, Plaintiffs submit to entry of final orders or judgment by this court in this adversary proceeding.

## PARTIES

8. Plaintiffs are the debtors and debtors in possession in the above-captioned chapter 11 bankruptcy cases.

9. Upon information and belief, Defendant Estate of Gale A. Easterday (deceased) is a probate estate currently administered by Defendant Karen L. Easterday (widow of Gale A. Easterday), an individual residing in the State of Washington. Defendant Karen L. Easterday is a party to this action in her individual capacity and as the personal representative of the probate estate of Gale A. Easterday in Probate Case No. 21-4-50004-11, Franklin County, Washington.

10. Upon information and belief, Defendants Cody A. Easterday and Debby Easterday (husband and wife) are individuals residing in the State of Washington.

## BACKGROUND

**A. General Background**

11. On February 1, 2021, Ranches filed a voluntary petition for relief under chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code") before this court.

DOCS_SF:105780.5 20375/001
COMPLAINT AGAINST EASTERDAYS – Page 3

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-80050-WLH   Doc 1   Filed 09/22/21   Entered 09/22/21 10:05:09   Pg 3 of 8

12. On February 8, 2021, Farms also filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code before this court.

13. The Debtors continue to operate and manage their business and affairs as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. Two separate Official Committees of Unsecured Creditors have been appointed in the Debtors' cases by the Office of the U.S. Trustee.

**B.     The Disputed Property**

14. In 1958, Ervin Easterday moved his family and farming operation from Nampa, Idaho to southeastern Washington, where he purchased 300 acres of undeveloped land in the new Columbia Basin Reclamation Irrigation Project. As of the Debtors' bankruptcy filings, the Debtors operated commercial farming and ranching operations on approximately 22,500 acres covering multiple farms, lots/ranches, and other complexes and facilities.

15. As relevant here, the Easterdays may claim that they owned, in their own names and individual capacities, separate parcels of real property contained within the larger boundaries of two farms in Benton County, Washington, generally referred to by their common names as Cox Farm and River Farm. The Easterdays also may assert that they owned, in their own names and individual capacities, the property commonly referred to as Goose Gap Farm in Benton County, Washington. Together, these asserted property interests are referenced herein as the Disputed Property.

16. The Debtors dispute the alleged ownership interests of the Easterdays in the Disputed Property or the proceeds thereof.

**C.     Title to the Disputed Property Properly Resided with the Debtors**

17. Prior to the Sale, the Disputed Property was titled as follows:
- Approximately 2/3 of Cox Farm and a small portion of River Farm was expressly titled in the name of one or the other Debtor;

COMPLAINT AGAINST EASTERDAYS – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

- 100% of Goose Gap Farm was titled in the name of the Easterdays "dba Easterday Farms, a partnership" or words to that effect; and
- Approximately 1/3 of Cox Farm and most of the interests in River Farm was titled in the names of the Easterdays.

18. The partners of Farms are each of the four members of the Easterday family. The *Partnership Agreement* for Farms, dated October 27, 1999 (the "<u>Farms Partnership Agreement</u>"), provides that the Farms partnership is a continuation of that originally formed "in 1993". The Farms Partnership Agreement expressly contemplates that the partners of Farms shall hold title to the property of the partnership. Farms Partnership Agreement, §§ 2 & 8.

19. The deeds for the acquisition of most of the parcels titled in the Easterdays, except a portion of River Farm, were recorded in or after November 1993.

20. The Disputed Property titled in the name of the Debtors or members of the Easterday family as general partners constituted property of the Debtors' estates.

21. Upon information and belief, the Disputed Property titled in the name of members of the Easterday family was intended to be made part of the partnership assets.

22. Pursuant to a cooperation agreement between the Debtors and the Easterdays as set forth in the *Stipulation By and Between Debtors and Non-Debtor Sellers Regarding Cooperation with Respect to the Sale of Debtor and Non-Debtor Assets* approved by this court by order entered on April 28, 2021 [Docket No. 655], the Easterdays agreed to contribute their respective fee interests, if any, in the Disputed Property to the Debtors as part of the Sale process. All parties' rights as to the ultimate allocation of sale proceeds from the Disputed Property were reserved.

23. Following a hearing on July 14, 2021, this court approved the Sale of the Disputed Property, along with certain Debtor-owned assets, to the highest and best

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

bidder for $209 million [Docket No. 927]. The Sale closed on July 30, 2021, and certain proceeds therefrom have been escrowed pending further order of this court.

## COUNT I
## DETERMINATION OF VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY
### (Fed. R. Bankr. P. 7001(2))

24. The Debtors repeat and reallege the allegations contained in each preceding paragraph of this Complaint as though fully set forth herein.

25. The proceeds of the Disputed Property properly and beneficially belong to the Debtors' estates and therefore not to individual members of the Easterday family.

26. Prior to the Sale, the Disputed Property was titled in one of three ways: (1) in the name of either Ranches or Farms, (2) in the name of Defendant members of the Easterday family "dba Easterday Farms, a partnership" or words to that effect, or (3) in the name of Defendant members of the Easterday family, but upon information and belief, was acquired with the Debtors' assets and intended to be owned by Farms. In any of the foregoing scenarios, one or both of the Debtors' estates properly and beneficially owned the Disputed Property and are now entitled to the proceeds therefrom.

27. The Debtors are therefore entitled to a judicial determination by this court that the proceeds of the Disputed Property belong solely to the Debtors' estates.

## COUNT II
## DECLARATORY JUDGMENT
### (28 U.S.C. §§ 2201, 2202)

28. The Debtors repeat and reallege the allegations contained in each preceding paragraph of this Complaint as though fully set forth herein.

29. Upon information and belief, the Easterdays may take the position that the Disputed Property was owned by them and the proceeds therefrom belong to them.

DOCS_SF:105780.5 20375/001
COMPLAINT AGAINST EASTERDAYS – Page 6

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-80050-WLH    Doc 1    Filed 09/22/21    Entered 09/22/21 10:05:09    Pg 6 of 8

30. The Debtors assert that the Disputed Property properly and beneficially belonged to the Debtors' estates and the proceeds therefrom belong to the estates and therefore not to individual members of the Easterday family.

31. Thus, an actual, substantial, and justiciable controversy exists between the parties concerning the beneficial ownership of the proceeds of the Disputed Property.

32. Such a controversy is sufficient to warrant the issuance of a declaratory judgment that the proceeds of the Disputed Property constitute estate property in their entirety and the Easterdays have no direct ownership interest in such proceeds.

## **PRAYER FOR RELIEF**

WHEREFORE, by reason of the foregoing, the Debtors request that the Court enter judgment:

(1) determining that the proceeds of the Disputed Property properly and beneficially belong to the Debtors' estates and not to individual members of the Easterday family;

(2) declaring that the proceeds of the Disputed Property constitute estate property in their entirety; and

(3) granting the Debtors such other and further relief as the Court deems just, proper and equitable, including the costs and expenses of this action.

DOCS_SF:105780.5 20375/001
COMPLAINT AGAINST EASTERDAYS – Page 7

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ei229d01m0.002    .002

21-80050-WLH    Doc 1    Filed 09/22/21    Entered 09/22/21 10:05:09    Pg 7 of 8

| | |
|---|---|
| Dated: September 22, 2021 | BUSH KORNFELD LLP |
| | */s/ Thomas A. Buford, III* |
| | THOMAS A. BUFORD, III (WSBA 52969)<br>BUSH KORNFELD LLP |
| | RICHARD M. PACHULSKI (admitted *pro hac vice*)<br>JEFFREY W. DULBERG (admitted *pro hac vice*)<br>MAXIM B. LITVAK (admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP |
| | *Attorneys for Plaintiffs,*<br>*Debtors and Debtors in Possession* |

DOCS_SF:105780.5 20375/001
COMPLAINT AGAINST EASTERDAYS – Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-80050-WLH    Doc 1    Filed 09/22/21    Entered 09/22/21 10:05:09    Pg 8 of 8