Timothy J. Conway, WSBA 52204
    Direct Dial:    503.802.2027
    Facsimile:      503.274.8779
    E-Mail:         tim.conway@tonkon.com
TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204-2099

Attorneys for Karen Easterday

Chapter 11

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>EASTERDAY RANCHES, INC., *et al.*<br><br>Debtors[1]. | Chapter 11<br><br>Lead Case No. 21-00141<br>Jointly Administered |
| EASTERDAY RANCHES, INC. and EASTERDAY FARMS,<br><br>Plaintiffs,<br><br>v.<br><br>ESTATE OF GALE A. EASTERDAY (DECEASED), KAREN L. EASTERDAY, CODY A. EASTERDAY, and DEBBY EASTERDAY,<br><br>Defendants. | Adv. Pro No. 21-80050 (WLH)<br><br>**KAREN L. EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT (I) TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND (II) FOR DECLARATORY JUDGMENT** |

For her answer to the Complaint (I) to Determine Validity, Priority, or Extent of Interests in Property and (II) For Declaratory Judgement (the "Complaint), Karen L. Easterday ("Mrs. Easterday"), individually and as personal

---

[1] This case is jointly administered with *In re Easterday Farms*, Case No. 21-00176-WLH11.

KAREN L. EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT (I) TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND (II) FOR DECLARATORY JUDGMENT - 1

representative of the probate estate of Gale A. Easterday, hereby admits, denies, and alleges as follows in response to the like- numbered paragraphs of the Complaint:

1. As to the first sentence, Mrs. Easterday admits the Complaint seeks a determination regarding the ownership of certain unspecified real property ("Disputed Property") that was sold in Debtors' Bankruptcy Case. Mrs. Easterday admits that the "Disputed Property" was only part of a larger package of assets sold pursuant to an order of the court (the "Sale Properties"). Mrs. Easterday denies the remainder of the first sentence because the Easterday Family personally owned certain of the Sale Properties prior to the Sale.[2] As to the second sentence, Mrs. Easterday admits that the Sale Properties were recently sold pursuant to an order of this court but denies the remainder of the sentence. Mrs. Easterday denies the third sentence.

2. Mrs. Easterday denies the first sentence but admits that the Sale Properties were titled in various ways. Mrs. Easterday denies the second sentence.

3. As to the first sentence, Mrs. Easterday denies that the proceeds of the Sale Properties belong solely to Debtors' Estates. As to the second sentence, there is no allegation to which a response is required but Mrs. Easterday clarifies that, to the extent the Court enters a declaratory judgment, it must allocate the proceeds of the Sale Properties not only between Debtors' Estates and the Easterday Family, but among Easterday Ranches, Inc. ("Debtor Ranches"), Easterday Farms ("Debtor Farms"), and the Easterday Family.

4. Admit.

5. Admit.

---

[2] Capitalized terms not defined herein have the meaning set out in the Complaint.

KAREN L. EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT (I) TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND (II) FOR DECLARATORY JUDGMENT - 2

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

21-80050-WLH   Doc 14   Filed 11/17/21   Entered 11/17/21 10:45:16   Pg 2 of 13

6. Admit.

7. Pursuant to Bankruptcy Rule 7008, Mrs. Easterday consents to entry of final orders or judgment by this court.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Mrs. Easterday admits the first sentence but clarifies that the real property referenced in the first sentence has nothing to do with the Sale Properties. As to the second sentence, Mrs. Easterday admits that as of the Debtors' bankruptcy filings, the Debtors operated commercial farming and cattle feeding operations, but denies the remainder of the second sentence.

15. Mrs. Easterday denies the allegations in paragraph 15 because members of the Easterday Family indeed owned, in their individual capacities, some or all of the Sale Properties, including the real properties commonly known as Cox Farm, River Farm, and Goose Gap Farm.

16. Mrs. Easterday admits that Debtors appear to dispute the Easterday Family's ownership interests in the Sale Properties but Mrs. Easterday restates that members of the Easterday Family indeed owned, in their individual capacities, some or all of the Sale Properties.

17. Mrs. Easterday denies paragraph 17 because it is imprecise such that she cannot admit or deny it.

18. Mrs. Easterday admits the first sentence but denies the remainder of paragraph 18 because the Partnership Agreement speaks for itself.

KAREN L. EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT (I) TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND (II) FOR DECLARATORY JUDGMENT - 3

19. Mrs. Easterday denies paragraph 19 because it is imprecise such that she cannot admit or deny it.

20. Deny.

21. Deny.

22. Mrs. Easterday admits that she is a party to the *Stipulation By and Between Debtors and Non-Debtor Sellers Regarding Cooperation With Respect to the Sale of Debtor and Non-Debtor Assets* ("Cooperation Agreement") but denies the remainder of paragraph 22 because the Cooperation Agreement speaks for itself.

23. Mrs. Easterday admits paragraph 23 except denies that the Sale was for $209 million.

24. Mrs. Easterday incorporates by reference her responses to paragraphs 1-23.

25. Deny.

26. Mrs. Easterday denies the first sentence but admits that the Sale Properties were titled in various ways. Mrs. Easterday denies the second sentence.

27. Deny.

28. Mrs. Easterday incorporates by reference her responses to paragraphs 1-27.

29. Mrs. Easterday denies the allegations in paragraph 29 because some or all of the Sale Properties were indeed owned by the Easterday Family prior to the Sale such that some or all of the proceeds belong to the Easterday Family.

30. Deny.

31. The allegations in paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, Mrs. Easterday denies the allegations in paragraph 31.

KAREN L. EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT (I) TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND (II) FOR DECLARATORY JUDGMENT - 4

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

21-80050-WLH    Doc 14    Filed 11/17/21    Entered 11/17/21 10:45:16    Pg 4 of 13

32. The allegations in paragraph 32 are legal conclusions to which no response is required. To the extent a response is required, Mrs. Easterday denies the allegations in paragraph 32.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any matter on which Plaintiffs bear such burden, and without waiving any of the answers set forth above, Mrs. Easterday asserts the following affirmative defenses.

### First Affirmative Defense

(Failure to State a Claim)

Debtors' Complaint, and each purported cause of action asserted therein, fails to state a claim because (i) Debtors fail to clearly identify what property is included in the "Disputed Property" and (ii) Debtors have not performed pursuant to the Cooperation Agreement. Their failures cannot create a justiciable issue subject to the declaratory judgment process.

### Second Affirmative Defense

(Waiver and Estoppel)

Debtors' Complaint, and each purported cause of action asserted therein, is barred in whole or in part by the doctrines of waiver and estoppel because Debtors failed to perform pursuant to the Cooperation Agreement.

### Third Affirmative Defense

(Judicial Admission)

Debtors previously admitted to the Court that Mrs. Easterday is an interest holder in the Sale Properties.

KAREN L. EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT (I) TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND (II) FOR DECLARATORY JUDGMENT - 5

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

21-80050-WLH    Doc 14    Filed 11/17/21    Entered 11/17/21 10:45:16    Pg 5 of 13

### Fourth Affirmative Defense

### (Condition Precedent)

Debtors' Complaint is barred by a failure of the occurrence of a condition precedent to the relief sought, in that the parties have not yet negotiated in good faith to reach agreement on a protocol for resolving disputes concerning the allocation of proceeds.

### Fifth Affirmative Defense

### (Unclean Hands)

Debtors' Complaint, and each purported cause of action asserted therein, is barred in whole or in part by the clean hands doctrine.

## COUNTERCLAIMS

### Common Allegations

1. These counterclaims seek a determination regarding the interests of Debtor Ranches, Debtor Farms, and the Easterday Family in (i) all of the Sale Properties (and not just the real property alluded to by Debtors as "Disputed Property"), (ii) water rights appurtenant to the Sale Properties, and (iii) irrigation improvements on the Sale Properties.

2. In connection with the Sale of the Sale Properties, the parties entered into the Cooperation Agreement, which Cooperation Agreement was approved by the court on April 27, 2021 [Doc. 640.]

3. Pursuant to section 4 of the Cooperation Agreement, "The Parties shall, as soon as reasonably practicable following execution of this Stipulation, negotiate in good faith and attempt to reach agreement on a timely basis on a protocol for resolving disputes concerning the allocation of Net Sale Proceeds from Sale Transactions (the "Allocation Protocol"), which Allocation Protocol shall provide procedures for determining allocation of Net Sales Proceeds where the

KAREN L. EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT (I) TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND (II) FOR DECLARATORY JUDGMENT - 6

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

21-80050-WLH    Doc 14    Filed 11/17/21    Entered 11/17/21 10:45:16    Pg 6 of 13

Selling Parties in such Sale Transaction have been unable to reach agreement regarding such allocation with any allocation determination being subject to approval by the Bankruptcy Court."

4. The Sale of the Sale Properties closed on or about July 30, 2021. Farmland Reserve, Inc. purchased the Sale Properties.

5. The purchase and sale agreement for the Sale Properties specifically requires that all water rights be transferred to Farmland Reserve, Inc. The purchase price includes value for the real property, the water rights appurtenant to the real property, and the irrigation improvements on the real property.

6. Some or all of Debtor Ranches, Debtor Farms, and the Easterday Family owned the Sale Properties.

7. Some or all of Debtor Ranches, Debtor Farms, and the Easterday Family owned the water rights appurtenant to the Sale Properties.

8. Some or all of Debtor Ranches, Debtor Farms, and the Easterday Family owned the irrigation improvements on the Sale Properties.

## FIRST COUNTERCLAIM

### (Specific Performance)

9. Mrs. Easterday realleges and incorporates the allegations in the paragraphs above as though fully set forth herein.

10. The parties entered into the Cooperation Agreement.

11. Section 4 of the Cooperation Agreement provides: "The Parties shall, as soon as reasonably practicable following execution of this Stipulation, negotiate in good faith and attempt to reach agreement on a timely basis on a protocol for resolving disputes concerning the allocation of Net Sale Proceeds from Sale Transactions (the "Allocation Protocol"), which Allocation Protocol shall provide procedures for determining allocation of Net Sales Proceeds where the Selling

KAREN L. EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT (I) TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND (II) FOR DECLARATORY JUDGMENT - 7

Parties in such Sale Transaction have been unable to reach agreement regarding such allocation with any allocation determination being subject to approval by the Bankruptcy Court."

12. Mrs. Easterday has done all, or substantially all, of the significant things that the Cooperation Agreement required her to do to date or she was excused from having to do those things.

13. Mrs. Easterday is ready, willing, and able to take further actions reasonably necessary to comply with the Cooperation Agreement, including negotiating in good faith and attempting to reach agreement on a protocol for resolving disputes concerning the allocation of Net Sale Proceeds from Sale Transactions.

14. Debtors, by and through their agents, breached the Cooperation Agreement by failing to negotiate in good faith to reach agreement on a protocol for resolving disputes concerning the allocation of Net Sale Proceeds from Sale Transactions and, instead, filing the underlying adversary proceeding.

15. As a result of Debtors' failure and refusal to comply with the Cooperation Agreement, they are in continuing breach of the Cooperation Agreement.

16. Mrs. Easterday's legal remedies are inadequate and she therefore seeks a judicial decree directing Debtors to comply with the Cooperation Agreement by negotiating in good faith and attempting to reach agreement with the Easterday Family on a protocol for resolving disputes concerning the allocation of Net Sale Proceeds from Sale Transactions.

KAREN L. EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT (I) TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND (II) FOR DECLARATORY JUDGMENT - 8

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

21-80050-WLH    Doc 14    Filed 11/17/21    Entered 11/17/21 10:45:16    Pg 8 of 13

## SECOND COUNTERCLAIM

### (Declaratory Judgment as to Real Property Ownership)

17. Mrs. Easterday realleges and incorporates the allegations in the paragraphs above as though fully set forth herein.

18. Pursuant to 28 U.S.C. § 2201, "[i]n a case of actual controversy within its jurisdiction * * * any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

19. Upon information and belief, Debtor Ranches, Debtor Farms, and the Easterday Family (including Mrs. Easterday) claim an ownership interest in some of or all of the same real property.

20. This case presents an actual and justiciable controversy among Debtor Ranches, Debtor Farms, and the Easterday Family (including Mrs. Easterday).

21. By this Counterclaim, Mrs. Easterday seeks a judicial determination and declaratory judgment as to specifically who among Debtor Ranches, Debtor Farms, and the Easterday Family owned the Sale Properties.

22. This controversy is justiciable because it requires a legal determination of which entity or individuals owned the real property that was sold to generate the Sale proceeds.

23. Debtor Ranches, Debtor Farms, and the Easterday Family (including Mrs. Easterday) all have a stake in the outcome of this dispute, which, once resolved, will have a direct and immediate effect on the parties and allocation of the Net Sale Proceeds.

24. A judicial determination resolving this actual controversy is necessary and appropriate at this time.

KAREN L. EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT (I) TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND (II) FOR DECLARATORY JUDGMENT - 9

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

21-80050-WLH    Doc 14    Filed 11/17/21    Entered 11/17/21 10:45:16    Pg 9 of 13

## THIRD COUNTERCLAIM

### (Declaratory Judgment as to Water Rights)

25. Mrs. Easterday realleges and incorporates the allegations in the paragraphs above as though fully set forth herein.

26. Upon information and belief, Debtor Ranches, Debtor Farms, and the Easterday Family (including Mrs. Easterday) claim an ownership interest in some of or all of the same water rights.

27. This case presents an actual and justiciable controversy among Debtor Ranches, Debtor Farms, and the Easterday Family (including Mrs. Easterday).

28. By this Counterclaim, Mrs. Easterday seeks a judicial determination and declaratory judgment as to specifically who among Debtor Ranches, Debtor Farms, and the Easterday Family owned the water rights appurtenant to the Sale Properties.

29. Ownership of water rights may not be co-extensive with ownership of land.

30. This controversy is justiciable because it requires a legal determination of which entity or individuals owned the water rights that were sold to generate some of the Sale proceeds.

31. Debtor Ranches, Debtor Farms, and the Easterday Family (including Mrs. Easterday) all have a stake in the outcome of this dispute, which, once resolved, will have a direct and immediate effect on the parties and allocation of Net Sale Proceeds.

32. A judicial determination resolving this actual controversy is necessary and appropriate at this time.

KAREN L. EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT (I) TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND (II) FOR DECLARATORY JUDGMENT - 10

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

21-80050-WLH    Doc 14    Filed 11/17/21    Entered 11/17/21 10:45:16    Pg 10 of 13

# FOURTH COUNTERCLAIM

## (Declaratory Judgment as to Irrigation Improvements)

33. Mrs. Easterday realleges and incorporates the allegations in the paragraphs above as though fully set forth herein.

34. Upon information and belief, Debtor Ranches, Debtor Farms, and the Easterday Family (including Mrs. Easterday) claim an ownership interest to some of or all of the same irrigation improvements that were sold with the real property.

35. This case presents an actual and justiciable controversy among Debtor Ranches, Debtor Farms, and the Easterday Family (including Mrs. Easterday).

36. By this Counterclaim, Mrs. Easterday seeks a judicial determination and declaratory judgment as to specifically who among Debtor Ranches, Debtor Farms, and the Easterday Family owned the irrigation improvements on the Sale Properties.

37. This controversy is justiciable because it requires a legal determination of which entity or individuals owned the irrigation improvements that were sold to generate the Sale proceeds.

38. Debtor Ranches, Debtor Farms, and the Easterday Family (including Mrs. Easterday) all have a stake in the outcome of this dispute, which, once resolved, will have a direct and immediate effect on the parties and allocation of Net Sale Proceeds.

39. A judicial determination resolving this actual controversy is necessary and appropriate at this time.

WHEREFORE, Mrs. Easterday requests that judgment be entered in her favor and against Debtors as follows:

(a) judgment in favor of Mrs. Easterday requiring and directing Debtors to comply with the Cooperation Agreement by negotiating in good faith and

KAREN L. EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT (I) TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND (II) FOR DECLARATORY JUDGMENT - 11

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

21-80050-WLH    Doc 14    Filed 11/17/21    Entered 11/17/21 10:45:16    Pg 11 of 13

attempting to reach agreement with the Easterday Family on a protocol for resolving disputes concerning the allocation of Net Sale Proceeds from Sale Transactions.

      (b)    declaratory judgment as to ownership of the Sale Properties as among Debtor Ranches, Debtor Farms, and the Easterday Family, including Mrs. Easterday;

      (c)    determination of how much of the Sale proceeds are attributed to the Sale Properties and belong to each of Debtor Ranches, Debtor Farms, and the Easterday Family, including Mrs. Easterday;

      (d)    declaratory judgment as to ownership of the water rights appurtenant to the Sale Properties as among Debtor Ranches, Debtor Farms, and the Easterday Family, including Mrs. Easterday;

      (e)    determination of how much of the Sale proceeds are attributed to the water rights appurtenant to the Sale Properties and belong to each of Debtor Ranches, Debtor Farms, and the Easterday Family, including Mrs. Easterday;

      (f)    declaratory judgment as to ownership of the irrigation improvements on the Sale Properties as among Debtor Ranches, Debtor Farms, and the Easterday Family, including Mrs. Easterday;

      (g)    determination of how much of the Sale proceeds are attributed to the irrigation improvements on the Sale Properties and belong to each of Debtor Ranches, Debtor Farms, and the Easterday Family, including Mrs. Easterday; and

\* \* \*

\* \* \*

\* \* \*

\* \* \*

\* \* \*

KAREN L. EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT (I) TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND (II) FOR DECLARATORY JUDGMENT - 12

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

21-80050-WLH    Doc 14    Filed 11/17/21    Entered 11/17/21 10:45:16    Pg 12 of 13

(h) all such other and further relief as this court deems just and equitable.

Dated: November 17, 2021.

TONKON TORP LLP

By */s/ Timothy J. Conway*
Timothy J. Conway, WSBA 52204
Attorneys for Karen Easterday

042047\00001\12790300v6

KAREN L. EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT (I) TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND (II) FOR DECLARATORY JUDGMENT - 13