Jeffrey C. Misley, WSBA # 33397
jmisley@sussmanshank.com
Thomas W. Stilley, WSBA # 21718
tstilley@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130

*Attorneys for Cody Easterday and Debby Easterday*

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>EASTERDAY RANCHES, INC., *et al.*,<br><br>Debtors.[1]<br><br>EASTERDAY RANCHES, INC. and EASTERDAY FARMS,<br><br>Plaintiffs<br>v.<br><br>ESTATE OF GALE A. EASTERDAY (DECEASED), KAREN L. EASTERDAY, CODY A. EASTERDAY, AND DEBBY EASTERDAY,<br><br>Defendants. | Chapter 11<br><br>Lead Case No. 21-00141-11<br>Jointly Administered<br><br>Adv. Proc. No. 21-80050(WLH)<br><br>CODY AND DEBBY EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND FOR DECLARATORY JUDGMENT |

For their answer to the Complaint (I) to Determine Validity, Priority, or Extent of Interests in Property and (II) For Declaratory Judgement (the "Complaint"), Cody and Debby Easterday hereby admit, deny, and allege as follows in response to the like-numbered paragraphs of the Complaint. Cody and Debby Easterday deny every allegation in the Complaint except those expressly admitted herein.

---

[1] The Debtors, along with their case numbers, are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

**Page 1 of 11** - CODY AND DEBBY EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND FOR DECLARATORY JUDGMENT

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

21-80050-WLH    Doc 15    Filed 11/17/21    Entered 11/17/21 10:53:19    Pg 1 of 12

1. As to the first sentence, Cody and Debby Easterday admit the Complaint seeks a determination regarding the ownership of certain unspecified real property ("Disputed Property") that was sold in Debtors' Bankruptcy Case. Cody and Debby Easterday admit that the Disputed Property was only part of a larger package of assets sold pursuant to an order of the Court (the "Sale Properties"). Cody and Debby Easterday deny the remainder of the first sentence because the Easterday Family personally owned certain of the Sale Properties prior to the Sale.[2] As to the second sentence, Cody and Debby Easterday admit that the Sale Properties were recently sold pursuant to an order of this Court but deny the remainder of the sentence. Cody and Debby Easterday deny the third sentence.

2. Cody and Debby Easterday deny the first sentence but admit that the Sale Properties were titled in various ways. Cody and Debby Easterday deny the second sentence.

3. As to the first sentence, Cody and Debby Easterday deny that the proceeds of the Sale Properties belong solely to Debtors' Estates. As to the second sentence, there is no allegation to which a response is required but Cody and Debby Easterday clarify that, to the extent the Court enters a declaratory judgment, it must allocate the proceeds of the Sale Properties not only between Debtors' Estates and the Easterday Family, but among Easterday Ranches, Inc. ("Debtor Ranches"), Easterday Farms ("Debtor Farms"), and the Easterday Family.

4. Admit.

5. Admit.

6. Admit.

7. Pursuant to Bankruptcy Rule 7008, Cody and Debby Easterday consent to entry of final orders or judgment by this Court.

8. Admit.

9. Admit.

10. Admit.

---

[2] Capitalized terms not defined herein have the meaning set out in the Complaint.

**Page 2 of 11** - CODY AND DEBBY EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND FOR DECLARATORY JUDGMENT

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

| | |
|---|---|
| 11. | Admit. |
| 12. | Admit. |
| 13. | Admit. |

14. Cody and Debby Easterday admit the first sentence but clarify that the real property referenced in the first sentence has nothing to do with the Sale Properties. As to the second sentence, Cody and Debby Easterday admit that, as of the Debtors' bankruptcy filings, the Debtors operated commercial farming and cattle feeding operations, but deny the remainder of the second sentence.

15. Cody and Debby Easterday deny the allegations in paragraph 15 because members of the Easterday Family indeed owned, in their individual capacities, some or all of the Sale Properties, including the real properties commonly known as Cox Farm, River Farm, and Goose Gap Farm.

16. Cody and Debby Easterday admit that Debtors appear to dispute the Easterday Family's ownership interests in the Sale Properties but Cody and Debby Easterday re-state that members of the Easterday Family indeed owned, in their individual capacities, some or all of the Sale Properties.

17. Cody and Debby Easterday deny paragraph 17 because it is imprecise such that they cannot admit or deny it.

18. Cody and Debby Easterday admit the first sentence but deny the remainder of paragraph 18 because the Partnership Agreement speaks for itself.

19. Cody and Debby Easterday deny paragraph 19 because it is imprecise such that they cannot admit or deny it.

20. Deny.

21. Deny.

22. Cody and Debby Easterday admit that they are party to the *Stipulation By and Between Debtors and Non-Debtor Sellers Regarding Cooperation With Respect to the Sale of*

**Page 3 of 11** - CODY AND DEBBY EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND FOR DECLARATORY JUDGMENT

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

21-80050-WLH    Doc 15    Filed 11/17/21    Entered 11/17/21 10:53:19    Pg 3 of 12

*Debtor and Non-Debtor Assets* ("Cooperation Agreement") but deny the remainder of paragraph 22 because the Cooperation Agreement speaks for itself.

23. Cody and Debby Easterday admit paragraph 23 except deny that the Sale was for $209 million.

24. Cody and Debby Easterday incorporate by reference their responses to paragraphs 1-23.

25. Deny.

26. Cody and Debby Easterday deny the first sentence but admit that the Sale Properties were titled in various ways. Cody and Debby Easterday deny the second sentence.

27. Deny.

28. Cody and Debby Easterday incorporate by reference their responses to paragraphs 1-27.

29. Cody and Debby Easterday deny the allegations in paragraph 29 because some or all of the Sale Properties were indeed owned by the Easterday Family prior to the Sale such that some or all of the proceeds belong to the Easterday Family.

30. Deny.

31. The allegations in paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, Cody and Debby Easterday deny the allegations in paragraph 31.

32. The allegations in paragraph 32 are legal conclusions to which no response is required. To the extent a response is required, Cody and Debby Easterday deny the allegations in paragraph 32.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof as to any matter on which Plaintiffs bear such burden, and without waiving any of the answers set forth above, Cody and Debby Easterday assert the following affirmative defenses:

**Page 4 of 11** - CODY AND DEBBY EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND FOR DECLARATORY JUDGMENT

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

21-80050-WLH    Doc 15    Filed 11/17/21    Entered 11/17/21 10:53:19    Pg 4 of 12

**First Affirmative Defense**

(Failure to State a Claim)

Debtors' Complaint, and each purported cause of action asserted therein, fails to state a claim because (i) Debtors fail to clearly identify what property is included in the "Disputed Property" and (ii) Debtors have not performed pursuant to the Cooperation Agreement. Their failures cannot create a justiciable issue subject to the declaratory judgment process.

**Second Affirmative Defense**

(Waiver and Estoppel)

Debtors' Complaint, and each purported cause of action asserted therein, is barred in whole or in part by the doctrines of waiver and estoppel because Debtors failed to perform pursuant to the Cooperation Agreement.

**Third Affirmative Defense**

(Judicial Admission)

Debtors previously admitted to the Court that Cody and Debby Easterday are interest holders in the Sale Properties.

**Fourth Affirmative Defense**

(Condition Precedent)

Debtors' Complaint is barred by a failure of the occurrence of a condition precedent to the relief sought, in that the parties have not yet negotiated in good faith to reach agreement on a protocol for resolving disputes concerning the allocation of proceeds.

**Fifth Affirmative Defense**

(Unclean Hands)

Debtors' Complaint, and each purported cause of action asserted therein, is barred in whole or in part by the clean hands doctrine.

//

//

**Page 5 of 11** - CODY AND DEBBY EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND FOR DECLARATORY JUDGMENT

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

## COUNTERCLAIMS

### Common Allegations

1. These counterclaims seek a determination regarding the interests of Debtor Ranches, Debtor Farms, and the Easterday Family in (i) all of the Sale Properties (and not just the real property alluded to by Debtors as "Disputed Property"), (ii) water rights appurtenant to the Sale Properties, and (iii) irrigation improvements on the Sale Properties.

2. In connection with the Sale of the Sale Properties, the parties entered into the Cooperation Agreement, which Cooperation Agreement was approved by the Court on April 27, 2021 [Doc. 640.]

3. Pursuant to Section 4 of the Cooperation Agreement, "The Parties shall, as soon as reasonably practicable following execution of this Stipulation, negotiate in good faith and attempt to reach agreement on a timely basis on a protocol for resolving disputes concerning the allocation of Net Sale Proceeds from Sale Transactions (the 'Allocation Protocol'), which Allocation Protocol shall provide procedures for determining allocation of Net Sales Proceeds where the Selling Parties in such Sale Transaction have been unable to reach agreement regarding such allocation with any allocation determination being subject to approval by the Bankruptcy Court."

4. The Sale of the Sale Properties closed on or about July 30, 2021. Farmland Reserve, Inc. purchased the Sale Properties.

5. The purchase and sale agreement for the Sale Properties specifically requires that all water rights be transferred to Farmland Reserve, Inc. The purchase price includes value for the real property, the water rights appurtenant to the real property, and the irrigation improvements on the real property.

6. Some or all of Debtor Ranches, Debtor Farms, and the Easterday Family owned the Sale Properties.

7. Some or all of Debtor Ranches, Debtor Farms, and the Easterday Family owned the water rights appurtenant to the Sale Properties.

**Page 6 of 11** - CODY AND DEBBY EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND FOR DECLARATORY JUDGMENT

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

21-80050-WLH    Doc 15    Filed 11/17/21    Entered 11/17/21 10:53:19    Pg 6 of 12

8. Some or all of Debtor Ranches, Debtor Farms, and the Easterday Family owned the irrigation improvements on the Sale Properties.

## FIRST COUNTERCLAIM

### (Specific Performance)

9. Cody and Debby Easterday re-allege and incorporate the allegations in the paragraphs above as though fully set forth herein.

10. The parties entered into the Cooperation Agreement.

11. Section 4 of the Cooperation Agreement provides "The Parties shall, as soon as reasonably practicable following execution of this Stipulation, negotiate in good faith and attempt to reach agreement on a timely basis on a protocol for resolving disputes concerning the allocation of Net Sale Proceeds from Sale Transactions (the 'Allocation Protocol'), which Allocation Protocol shall provide procedures for determining allocation of Net Sales Proceeds where the Selling Parties in such Sale Transaction have been unable to reach agreement regarding such allocation with any allocation determination being subject to approval by the Bankruptcy Court."

12. Cody and Debby Easterday have done all, or substantially all, of the significant things that the Cooperation Agreement required them to do to date or they were excused from having to do those things.

13. Cody and Debby Easterday are ready, willing, and able to take further actions reasonably necessary to comply with the Cooperation Agreement, including negotiating in good faith and attempting to reach agreement on a protocol for resolving disputes concerning the allocation of Net Sale Proceeds from Sale Transactions.

14. Debtors, by and through their agents, breached the Cooperation Agreement by failing to negotiate in good faith to reach agreement on a protocol for resolving disputes concerning the allocation of Net Sale Proceeds from Sale Transactions and, instead, filing this adversary proceeding.

15. As a result of Debtors' failure and refusal to comply with the Cooperation

**Page 7 of 11** - CODY AND DEBBY EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND FOR DECLARATORY JUDGMENT

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

21-80050-WLH    Doc 15    Filed 11/17/21    Entered 11/17/21 10:53:19    Pg 7 of 12

Agreement, they are in continuing breach of the Cooperation Agreement.

16. Cody and Debby Easterday's legal remedies are inadequate and they therefore seek a judicial decree directing Debtors to comply with the Cooperation Agreement by negotiating in good faith and attempting to reach agreement with the Easterday Family on a protocol for resolving disputes concerning the allocation of Net Sale Proceeds from the Sale Transactions.

## SECOND COUNTERCLAIM

### (Declaratory Judgment as to Real Property Ownership)

17. Cody and Debby Easterday re-allege and incorporate the allegations in the paragraphs above as though fully set forth herein.

18. Pursuant to 28 U.S.C. § 2201, "[i]n a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

19. Upon information and belief, Debtor Ranches, Debtor Farms, and the Easterday Family (including Cody and Debby Easterday) claim an ownership interest in some of or all of the same real property.

20. This case presents an actual and justiciable controversy among Debtor Ranches, Debtor Farms, and the Easterday Family (including Cody and Debby Easterday).

21. By this Counterclaim, Cody and Debby Easterday seek a judicial determination and declaratory judgment as to specifically who among Debtor Ranches, Debtor Farms, and the Easterday Family owned the Sale Properties.

22. This controversy is justiciable because it requires a legal determination of which entity or individuals owned the real property that was sold to generate the Sale proceeds.

23. Debtor Ranches, Debtor Farms, and the Easterday Family (including Cody and Debby Easterday) all have a stake in the outcome of this dispute, which, once resolved, will have a direct and immediate effect on the parties and allocation of the Net Sale Proceeds.

**Page 8 of 11** - CODY AND DEBBY EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND FOR DECLARATORY JUDGMENT

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

21-80050-WLH    Doc 15    Filed 11/17/21    Entered 11/17/21 10:53:19    Pg 8 of 12

24. A judicial determination resolving this actual controversy is necessary and appropriate at this time.

## THIRD COUNTERCLAIM

### (Declaratory Judgment as to Water Rights)

25. Cody and Debby Easterday re-allege and incorporate the allegations in the paragraphs above as though fully set forth herein.

26. Upon information and belief, Debtor Ranches, Debtor Farms, and the Easterday Family (including Cody and Debby Easterday) claim an ownership interest in some of or all of the same water rights.

27. This case presents an actual and justiciable controversy among Debtor Ranches, Debtor Farms, and the Easterday Family (including Cody and Debby Easterday).

28. By this Counterclaim, Cody and Debby Easterday seek a judicial determination and declaratory judgment as to specifically who among Debtor Ranches, Debtor Farms, and the Easterday Family owned the water rights appurtenant to the Sale Properties.

29. Ownership of water rights may not be co-extensive with ownership of land.

30. This controversy is justiciable because it requires a legal determination of which entity or individuals owned the water rights that were sold to generate some of the Sale proceeds.

31. Debtor Ranches, Debtor Farms, and the Easterday Family (including Cody and Debby Easterday) all have a stake in the outcome of this dispute, which, once resolved, will have a direct and immediate effect on the parties and allocation of Net Sale Proceeds.

32. A judicial determination resolving this actual controversy is necessary and appropriate at this time.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment as to Irrigation Improvements)

33. Cody and Debby Easterday re-allege and incorporate the allegations in the paragraphs above as though fully set forth herein.

**Page 9 of 11** - CODY AND DEBBY EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND FOR DECLARATORY JUDGMENT

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

21-80050-WLH    Doc 15    Filed 11/17/21    Entered 11/17/21 10:53:19    Pg 9 of 12

34. Upon information and belief, Debtor Ranches, Debtor Farms, and the Easterday Family (including Cody and Debby Easterday) claim an ownership interest to some of or all of the same irrigation improvements that were sold with the real property.

35. This case presents an actual and justiciable controversy among Debtor Ranches, Debtor Farms, and the Easterday Family (including Cody and Debby Easterday).

36. By this Counterclaim, Cody and Debby Easterday seeks a judicial determination and declaratory judgment as to specifically who among Debtor Ranches, Debtor Farms, and the Easterday Family owned the irrigation improvements on the Sale Properties.

37. This controversy is justiciable because it requires a legal determination of which entity or individuals owned the irrigation improvements that were sold to generate the Sale proceeds.

38. Debtor Ranches, Debtor Farms, and the Easterday Family (including Cody and Debby Easterday) all have a stake in the outcome of this dispute, which, once resolved, will have a direct and immediate effect on the parties and allocation of Net Sale Proceeds.

39. A judicial determination resolving this actual controversy is necessary and appropriate at this time.

WHEREFORE, Cody and Debby Easterday request that judgment be entered in their favor and against Debtors as follows:

(a) judgment in favor of Cody and Debby Easterday requiring and directing Debtors to comply with the Cooperation Agreement by negotiating in good faith and attempting to reach agreement with the Easterday Family on a protocol for resolving disputes concerning the allocation of Net Sale Proceeds from the Sale Transactions.

(b) declaratory judgment as to ownership of the Sale Properties as among Debtor Ranches, Debtor Farms, and the Easterday Family, including Cody and Debby Easterday;

(c) determination of how much of the Sale proceeds are attributed to the Sale Properties and belong to each of Debtor Ranches, Debtor Farms, and the Easterday Family, including Cody

**Page 10 of 11** - CODY AND DEBBY EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND FOR DECLARATORY JUDGMENT

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

21-80050-WLH    Doc 15    Filed 11/17/21    Entered 11/17/21 10:53:19    Pg 10 of 12

and Debby Easterday;

(d) declaratory judgment as to ownership of the water rights appurtenant to the Sale Properties as among Debtor Ranches, Debtor Farms, and the Easterday Family, including Cody and Debby Easterday;

(e) determination of how much of the Sale proceeds are attributed to the water rights appurtenant to the Sale Properties and belong to each of Debtor Ranches, Debtor Farms, and the Easterday Family, including Cody and Debby Easterday;

(f) declaratory judgment as to ownership of the irrigation improvements on the Sale Properties as among Debtor Ranches, Debtor Farms, and the Easterday Family, including Cody and Debby Easterday;

(g) determination of how much of the Sale proceeds are attributed to the irrigation improvements on the Sale Properties and belong to each of Debtor Ranches, Debtor Farms, and the Easterday Family, including Cody and Debby Easterday; and

(h) all such other and further relief as this Court deems just and equitable.

Dated this 17th day of November, 2021.

SUSSMAN SHANK LLP

By */s/ Jeffrey C. Misley*
_____
Jeffrey C. Misley, WSBA # 33397
Attorneys for Cody Easterday and Debby Easterday

**Page 11 of 11** - CODY AND DEBBY EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND FOR DECLARATORY JUDGMENT

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

21-80050-WLH    Doc 15    Filed 11/17/21    Entered 11/17/21 10:53:19    Pg 11 of 12

# CERTIFICATE OF SERVICE

I, Janine E. Hume declare as follows:

I am employed in the County of Multnomah, state of Oregon; I am over the age of eighteen years and am not a party to this action; my business address is 1000 SW Broadway, Suite 1400, Portland, Oregon 97205-3089, in said county and state.

I certify that on November 17, 2021, I served **CODY AND DEBBY EASTERDAY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF INTERESTS IN PROPERTY; AND FOR DECLARATORY JUDGMENT** on all ECF participants as indicated on the Court's Cm/ECF system.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: November 17, 2021.

*/s/ Janine E. Hume*
_____
Janine E. Hume, Legal Assistant

CERTIFICATE OF SERVICE - Page 1

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

21-80050-WLH    Doc 15    Filed 11/17/21    Entered 11/17/21 10:53:19    Pg 12 of 12