ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com, tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
MAXIM B. LITVAK (CA Bar #215852)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com, jdulberg@pszjlaw.com, and mlitvak@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs,
Debtors and Debtors in Possession*

HONORABLE WHITMAN L. HOLT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br>EASTERDAY RANCHES, INC., *et al.*<br>Debtors.[1] | Chapter 11<br>Lead Case No. 21-00141-WLH11<br>Jointly Administered |
| EASTERDAY RANCHES, INC. and EASTERDAY FARMS,<br>Plaintiffs,<br>v.<br>ESTATE OF GALE A. EASTERDAY (DECEASED), KAREN L. EASTERDAY, CODY A. EASTERDAY, AND DEBBY EASTERDAY<br>Defendants. | Adv. Pro. No. 21-80050 (WLH)<br>**DEBTORS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS OF CODY AND DEBBY EASTERDAY** |

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

DEBTORS' ANSWER AND AFFIRMATIVE
DEFENSES TO COUNTERCLAIMS OF CODY
AND DEBBY EASTERDAY – Page 1

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Easterday Ranches, Inc. ("Ranches") and Easterday Farms ("Farms"), the above-captioned debtors and debtors in possession (collectively, the "Debtors" or "Plaintiffs"), hereby submit this reply (the "Reply") to the counterclaims (the "Counterclaims") set forth in *Cody and Debby Easterday's Answer, Affirmative Defenses, and Counterclaims to Complaint to Determine Validity, Priority, or Extent of Interests in Property; and for Declaratory Judgment* [Adv. Docket No. 15] (the "Answer") filed jointly by Defendants Cody and Debby Easterday (together, the "Defendants") to the *Complaint (I) To Determine Validity, Priority, or Extent of Interests in Property and (II) For Declaratory Judgment* [Adv. Docket No. 1] (the "Complaint").[2] In support hereof, the Debtors respectfully state as follows:

## REPLY TO COUNTERCLAIMS

1. No response to paragraph 1 of the Counterclaims is required because the Counterclaims speak for themselves.

2. Paragraph 2 of the Counterclaims is admitted.

3. Paragraph 3 of the Counterclaims is admitted.

4. Paragraph 4 of the Counterclaims is admitted.

5. No response to paragraph 5 of the Counterclaims is required because the transactional documents related to the Sale speak for themselves.

6. Paragraph 6 of the Counterclaims is denied to the extent that it avers that the Sale Properties[3] were owned by any party other than the Debtors.

7. Paragraph 7 of the Counterclaims is denied to the extent that it avers that the water rights with respect to the Sale Properties were owned by any party other than the Debtors.

---

[2] Unless otherwise indicated, a capitalized term used but not defined herein shall have the meaning ascribed to it in the Complaint.

[3] The defined term "Sale Properties" shall have the meaning ascribed to it in paragraph 1 of the Answer.

DEBTORS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS OF CODY AND DEBBY EASTERDAY – Page 2

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em08kc01ds

21-80050-WLH    Doc 27    Filed 12/08/21    Entered 12/08/21 15:45:42    Pg 2 of 7

8. Paragraph 8 of the Counterclaims is denied to the extent that it avers that any of the irrigation improvements sold as part of the Sale were owned by any party other than the Debtors.

9. Paragraph 9 of the Counterclaims does not call for a response.

10. Paragraph 10 of the Counterclaims is admitted.

11. No response to paragraph 11 of the Counterclaims is required because the *Stipulation By and Between Debtors and Non-Debtor Sellers Regarding Cooperation with Respect to the Sale of Debtor and Non-Debtor Assets* [Bankr. Docket No. 640] (the "Cooperation Agreement"), as approved at Bankr. Docket No. 655, speaks for itself.

12. Paragraph 12 of the Counterclaims is denied.

13. Paragraph 13 of the Counterclaims does not call for a response, but to the extent a response is required, it is denied.

14. Paragraph 14 of the Counterclaims is denied.

15. Paragraph 15 of the Counterclaims calls for a legal conclusion for which no response is required, but to the extent a response is required, the paragraph is denied.

16. Paragraph 16 of the Counterclaims calls for a legal conclusion for which no response is required, but to the extent a response is required, the paragraph is denied.

17. Paragraph 17 of the Counterclaims does not call for a response.

18. Paragraph 18 of the Counterclaims does not call for a response.

19. No response to paragraph 19 of the Counterclaims is required because the Complaint and Counterclaims speak for themselves, but to the extent that a response is required the Debtors admit they asserted an interest in the Sale Properties and the proceeds therefrom following the Sale.

20. Paragraph 20 of the Counterclaims calls for a legal conclusion for which no response is required.

DEBTORS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS OF CODY AND DEBBY EASTERDAY – Page 3

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em08kc01ds

21-80050-WLH    Doc 27    Filed 12/08/21    Entered 12/08/21 15:45:42    Pg 3 of 7

21. Paragraph 21 of the Counterclaims calls for a legal conclusion, and no further response is required because the Counterclaims speak for themselves.

22. Paragraph 22 of the Counterclaims calls for a legal conclusion for which no response is required.

23. Paragraph 23 of the Counterclaims calls for a legal conclusion for which no response is required, but to the extent a response is required, the paragraph is denied.

24. Paragraph 24 of the Counterclaims calls for a legal conclusion for which no response is required, but to the extent a response is required, the paragraph is denied.

25. Paragraph 25 of the Counterclaims does not call for a response.

26. No response to paragraph 26 of the Counterclaims is required because the Complaint and Counterclaims speak for themselves, but to the extent that a response is required the Debtors admit they asserted an interest in the water rights with respect to Sale Properties and the proceeds therefrom following the Sale.

27. Paragraph 27 of the Counterclaims calls for a legal conclusion for which no response is required.

28. Paragraph 28 of the Counterclaims calls for a legal conclusion, and no further response is required because the Counterclaims speak for themselves.

29. Paragraph 29 of the Counterclaims calls for a legal conclusion for which no response is required.

30. Paragraph 30 of the Counterclaims calls for a legal conclusion, and no further response is required because the Counterclaims speak for themselves.

31. Paragraph 31 of the Counterclaims calls for a legal conclusion for which no response is required, but to the extent a response is required, the paragraph is denied.

32. Paragraph 32 of the Counterclaims calls for a legal conclusion for which no response is required, but to the extent a response is required, the paragraph is denied.

33. Paragraph 33 of the Counterclaims does not call for a response.

DEBTORS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS OF CODY AND DEBBY EASTERDAY – Page 4

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em08kc01ds

21-80050-WLH    Doc 27    Filed 12/08/21    Entered 12/08/21 15:45:42    Pg 4 of 7

34. No response to paragraph 34 of the Counterclaims is required because the Complaint and Counterclaims speak for themselves, but to the extent that a response is required the Debtors admit they asserted an interest in the irrigation improvements that were sold as part of the Sale and the proceeds therefrom following the Sale.

35. Paragraph 35 of the Counterclaims calls for a legal conclusion for which no response is required.

36. Paragraph 36 of the Counterclaims calls for a legal conclusion, and no further response is required because the Counterclaims speak for themselves.

37. Paragraph 37 of the Counterclaims calls for a legal conclusion for which no response is required.

38. Paragraph 38 of the Counterclaims calls for a legal conclusion for which no response is required, but to the extent a response is required, the paragraph is denied.

39. Paragraph 39 of the Counterclaims calls for a legal conclusion for which no response is required, but to the extent a response is required, the paragraph is denied.

## FIRST AFFIRMATIVE DEFENSE

40. The Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

41. The Second, Third, and Fourth Counterclaims are barred, in whole or in part, by the statute of frauds.

## THIRD AFFIRMATIVE DEFENSE

42. Each Counterclaim is barred, in whole or in part, by the doctrines of unclean hands and/or *in pari delicto*.

## FOURTH AFFIRMATIVE DEFENSE

43. Each Counterclaim is barred, in whole or in part, by the doctrine of waiver.

DEBTORS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS OF CODY AND DEBBY EASTERDAY – Page 5

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em08kc01ds

21-80050-WLH    Doc 27    Filed 12/08/21    Entered 12/08/21 15:45:42    Pg 5 of 7

## FIFTH AFFIRMATIVE DEFENSE

44. Each Counterclaim is barred, in whole or in part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

45. The Second, Third, and Fourth Counterclaims are barred, in whole or in part, by the doctrine of failure of consideration.

## PRAYER FOR RELIEF

WHEREFORE, by reason of the foregoing, the Debtors request that the court enter judgment:

(1) determining that the proceeds of the Disputed Property (as defined in the Complaint) belong to the Debtors' estates and not to individual members of the Easterday family, including Defendants;

(2) declaring that the proceeds of the Disputed Property (as defined in the Complaint) constitute estate property in their entirety;

(3) denying Defendants' request for judgment directing any specific performance by Plaintiffs with respect to the Cooperation Agreement because of Plaintiffs' good faith compliance with the Cooperation Agreement;

(4) declaring that the Sale Properties belonged to the Debtors' estates prior to the Sale and not to individual members of the Easterday family, including Defendants;

(5) determining that the proceeds of the Sale Properties belong to the Debtors' estates in their entirety and not to individual members of the Easterday family, including Defendants;

(6) declaring that the water rights with respect to the Sale Properties belonged to the Debtors' estates prior to the Sale and not to individual members of the Easterday family, including Defendants;

DEBTORS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS OF CODY AND DEBBY EASTERDAY – Page 6

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em08kc01ds

21-80050-WLH    Doc 27    Filed 12/08/21    Entered 12/08/21 15:45:42    Pg 6 of 7

(7) determining that the proceeds of the water rights with respect to the Sale Properties belong to the Debtors' estates in their entirety and not to individual members of the Easterday family, including Defendants;

(8) declaring that the irrigation improvements with respect to the Sale Properties belonged to the Debtors' estates prior to the Sale and not to individual members of the Easterday family, including Defendants;

(9) determining that the proceeds of the irrigation improvements with respect to the Sale Properties belong to the Debtors' estates in their entirety and not to individual members of the Easterday family, including Defendants; and

(10) granting the Debtors such other and further relief as the court deems just, proper, and equitable, including the costs and expenses of this action.

Dated: December 8, 2021   BUSH KORNFELD LLP

*/s/ Thomas A. Buford, III*
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
MAXIM B. LITVAK (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Plaintiffs,
Debtors and Debtors in Possession*

DEBTORS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS OF CODY AND DEBBY EASTERDAY – Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em08kc01ds

21-80050-WLH    Doc 27    Filed 12/08/21    Entered 12/08/21 15:45:42    Pg 7 of 7