Timothy J. Conway, WSBA 52204
  Direct Dial:  503.802.2027
  Facsimile:   503.274.8779
  E-Mail:     tim.conway@tonkon.com
TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204-2099

Attorneys for Karen L. Easterday,
individually and as personal
representative of the Estate of Gale A.
Easterday

HONORABLE WHITMAN L. HOLT

Hearing Date:  December 21, 2021
Hearing Time:  11:00 a.m.
Location:  Telephonic
Telephone Number:  877-402-9757
Telephonic Access Code: 7036041

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>EASTERDAY RANCHES, INC., *et al.*<br><br>Debtors[1]. | Chapter 11<br><br>Lead Case No. 21-00141-WLH<br>Jointly Administered |
| EASTERDAY RANCHES, INC. and EASTERDAY FARMS,<br><br>Plaintiffs,<br><br>v.<br><br>ESTATE OF GALE A. EASTERDAY (DECEASED), KAREN L. EASTERDAY, CODY A. EASTERDAY, and DEBBY EASTERDAY,<br><br>Defendants. | Adv. Pro No. 21-80050 (WLH)<br><br>**NOTICE AND MOTION TO DISQUALIFY PACHULSKI STANG ZIEHL & JONES LLP AND BUSH KORNFELD LLP AS COUNSEL FOR DEBTORS** |

---

[1] This case is jointly administered with *In re Easterday Farms*, Case No. 21-00176-WLH11.

NOTICE AND MOTION TO DISQUALIFY PACHULSKI STANG ZIEHL & JONES LLP AND BUSH KORNFELD LLP AS COUNSEL FOR DEBTORS - 1

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

| | |
|---|---|
| 1 | ESTATE OF GALE A. EASTERDAY (DECEASED), KAREN L. EASTERDAY, CODY A. EASTERDAY, and DEBBY EASTERDAY, |
| 2 | |
| 3 | |
| 4 | Counterclaim Plaintiffs, |
| 5 | v. |
| 6 | EASTERDAY RANCHES, INC., EASTERDAY FARMS, |
| 7 | Counterclaim Defendants. |

## INTRODUCTION

Karen Easterday, individually and as the representative of the estate of Gale A. Easterday, moves, pursuant to 11 U.S.C. §§ 101(14), 105(a), and 327(a) and (c) for Pachulski Stang Ziehl & Jones LLP ("PSZJ") and Bush Kornfeld LLP ("BK") to be disqualified as counsel for Easterday Ranches, Inc. and Easterday Farms (together, "Debtors") in the above-captioned adversary proceeding (the "Adversary Proceeding"). Mrs. Easterday previously raised this issue in court, but since PSZJ and BK have continued representing both Debtors in this Adversary Proceeding [adv. pro. doc. nos. 26 and 27], a formal motion is required.

## BACKGROUND

### *Pachulski Stang Ziehl & Jones and Bush Kornfeld's Employment*

Easterday Ranches, Inc. filed for bankruptcy protection on February 1, 2021 ("Ranches"). Easterday Farms filed for bankruptcy protection on February 8, 2021 ("Farms"). Ranches and Farms' bankruptcy cases are being jointly administered, but are separate estates and have not been substantively consolidated. The two Debtors do not have a unity of creditors nor a unity of assets.

PSZJ and BK were employed as counsel for Debtors in the main bankruptcy case and, in turn, in this Adversary Proceeding, pursuant to court orders (the

NOTICE AND MOTION TO DISQUALIFY PACHULSKI STANG ZIEHL & JONES LLP AND BUSH KORNFELD LLP AS COUNSEL FOR DEBTORS - 2

"Employment Orders"). [Main Case Doc. Nos. 386 and 385.] Prior to entry of the Employment Orders, the Office of the United States Trustee ("UST") objected to PSZJ and BK's employment applications because of concerns related to conflicts between the two estates (the "Objections"). [Main Case Doc. Nos. 313 and 312.]

In replying to the UST's Objections, PSZJ and BK stated: "If an actual conflict of interest between the Debtors arises, the estates already have entities capable of addressing the issue: the two creditors' committees." [Main Case Doc. No. 338, p. 4, line 3.] The Ranches and Farms committees responded to the Objections as well. The Ranches Committee stated: "And, to the extent that Ranches fails to pursue any cause of action for the benefit of its estate, the Ranches Committee believes that it is positioned to prosecute or defend such action(s), including any claim(s) against Farms. * * * In this manner, issues of conflict of interest may be addressed." [Main Case Doc. No. 339, p. 3, lines 10-16.] The Farms Committee stated: "[T]he Farms Committee understands the U.S. Trustee's concerns and takes them very seriously." [Main Case Doc. No. 340, p. 2, lines 9-10.] If "debtors eventually become adverse to each other, the conflicted professionals would need to withdraw from those disputes." *Id*. at p. 3, lines 12-13.

On March 15, 2021, the court held a hearing to consider the PSZJ and BK employment applications and the Objections thereto. During that hearing, counsel for PSZJ stated that allocation between Debtors' estates as to property proceeds "will absolutely have to happen in this case." [Main Case Doc. No. 372.] The court ultimately overruled the Objections but stated that if there is a direct, live adversity or if intercompany claims need to be actively pursued, the Farms Committee and Ranch Committee can be deputized to do this (instead of retaining conflicts counsel). *Id*. The court further stated its expectation that if there is a

NOTICE AND MOTION TO DISQUALIFY PACHULSKI STANG ZIEHL & JONES LLP AND BUSH KORNFELD LLP AS COUNSEL FOR DEBTORS - 3

1  dispute or claim that the Farms Committee and Ranches Committee is pursuing

2  against the other, PSZJ and BK will not represent either of the Debtors but, instead,

3  act as the "honest broker" and help negotiate as between the committees. *Id*.

4     As the Complaint and Answer and Counterclaims in the Adversary

5  Proceeding make clear, a direct, live adversity has arisen. **There is an actual**

6  **conflict between Farms and Ranches because the court must determine which**

7  **of them (along with the Easterday family) owned the Sale Properties and how**

8  **much value each of the estates (along with the Easterday family) will receive**

9  **from the proceeds of the Sale. Yet PSZJ and BK continue to represent both**

10 **Debtors in the Adversary Proceeding. [Adv. Pro. Doc. Nos. 26 and 27.] PSZJ**

11 **and BK should be disqualified from doing so.**

12 *The Pending Adversary Proceeding*

13    As the court is well aware, significant real property, along with

14 improvements thereon and water rights appurtenant thereto (the "Sale Properties"),

15 were sold on or about July 30, 2021 to Farmland Reserve (the "Sale"). To

16 maximize the value of the Sale Properties, the Easterday family agreed that

17 property personally owned by them could be sold along with Debtors' property,

18 with the understanding that the net sale proceeds would later be allocated among

19 each of Ranches, Farms, and the Easterday family. This understanding was

20 memorialized in a Cooperation Agreement prior to the Sale, which was approved

21 by the court. [Main Case Doc. No. 640.] The Cooperation Agreement expressly

22 recognized that the Easterday family personally owned portions of Cox Farm and

23 River Farm, and all of Goose Gap Farm. Pursuant to the Cooperation Agreement,

24 each of the Debtors and the Easterday Family were to stipulate to the allocation of

25 the net proceeds from the Sale or, to the extent there was a dispute about the

26 allocation of the net proceeds from the Sale, negotiate in good faith and attempt to

NOTICE AND MOTION TO DISQUALIFY PACHULSKI STANG ZIEHL & JONES
LLP AND BUSH KORNFELD LLP AS COUNSEL FOR DEBTORS - 4

1  reach agreement on a timely basis on a protocol for resolving such disputes.  *Id.* at
2  sections 3 and 4.

3  Notwithstanding the terms of the Cooperation Agreement, the parties have
4  not stipulated to allocation of the net proceeds and not yet negotiated in good faith
5  to reach agreement on a protocol for resolving disputes concerning the allocation
6  of proceeds from the Sale.  Instead, Debtors filed an adversary complaint against
7  Mrs. Easterday (and other family members) seeking a determination that Debtors
8  owned all of the Sale Properties and are entitled to all of the net sale proceeds (the
9  "Complaint").  [Adv. Pro. Doc. No. 1.]  As set out in Mrs. Easterday's answer and
10  counterclaims to the Complaint ("Answer and Counterclaims"), Mrs. Easterday
11  disputes this and seeks a determination by the court as to who among each of
12  Ranches, Farms, and the Easterday family owned the Sale Properties, and a
13  determination of how much of the Sale proceeds are attributed to the real property,
14  to the water rights appurtenant thereto, and to the irrigation improvements thereon.
15  [Adv. Pro. Doc. No. 14.]  The Adversary Proceeding directly places in dispute the
16  competing claims and interests to the real property, water rights, and property
17  improvements—and the values of each—as between Farms and Ranches, as well
18  as the Easterday individuals.  PSZJ and BK have a direct conflict of interest in
19  advocating for the interests of Ranches and Farms against one another.

20  **ARGUMENT**

21  There is a live and direct dispute among Ranches, Farms, and the Easterday
22  family as to who owned the Sale Properties and who should receive the net
23  proceeds of the Sale.  Notwithstanding this dispute—and notwithstanding the fact
24  that the court, Debtors, and Committees acknowledged at the March 15, 2021
25  hearing that if such a dispute were to arise, PSZJ and BK could not act as counsel
26

NOTICE AND MOTION TO DISQUALIFY PACHULSKI STANG ZIEHL & JONES
LLP AND BUSH KORNFELD LLP AS COUNSEL FOR DEBTORS - 5

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

for both Debtors—PSZJ and BK continue to represent both Ranches and Farms in the Adversary Proceeding. They may not.

In order to be employed by a debtor-in-possession, a professional must "not hold or represent an interest adverse to the estate" and must be "disinterested." 11 U.S.C. § 327(a).

> To "hold an interest adverse to the estate" means (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate.

*In re Tevis*, 347 B.R. 679, 688 (9th Cir. BAP 2006); *see also In re Farrington*, No. 07–32420–elp7, 2007 WL 4365753, at *3 (Bankr. D. Or.); *In re Roberts*, 46 B.R. 815, 827 (Bankr. Utah 1985) *aff'd in part and rev'd in part on other grounds*, 75 B.R. 403 (D. Utah 1987).

To "represent an interest adverse to the estate" means "to serve as an attorney for an entity holding such an adverse interest." *In re Tevis*, 347 B.R. at 688.

A person is "disinterested" if, in part, the person "does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason. 11 U.S.C. § 101(14)(C).

The "adverse interest" and "disinterestedness" tests overlap, and include "a prohibition on representing conflicting interests." *In re Tevis*, 347 B.R. at 687. These tests serve the important policy of ensuring that all professionals appointed under section 327 tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities. *Id.*

NOTICE AND MOTION TO DISQUALIFY PACHULSKI STANG ZIEHL & JONES LLP AND BUSH KORNFELD LLP AS COUNSEL FOR DEBTORS - 6

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

1    Moreover, pursuant to 11 U.S.C. § 327(c), although professionals "are not

2   disqualified 'solely' because of employment by or representation of a creditor, **the**

3   **bankruptcy court 'shall' disapprove their employment upon objection if there**

4   **is an 'actual conflict of interest.'"** *In re Hammer*, Nos. WW–06–1373–MoDJ,

5   04–22244–SJS, 2007 WL 7540944, at *5 (9th Cir. BAP Oct. 11, 2007) (emphasis

6   added).

7        "In differentiating subsections (a) and (c) of Section 327, the courts

8   sometimes distinguish so-called 'potential' conflicts from the 'actual conflicts'

9   mentioned in the statute[.]" *Id.* As the *Hammer* court explained:

10
            Section 327(a), as well as § 327(c), imposes a *per se*
11          *disqualification* as trustee's counsel of any attorney who
            has an *actual* conflict of interest [whereas] the
12          [bankruptcy] court may within its discretion—pursuant to
            § 327(a) and consistent with § 327(c)—disqualify an
13          attorney who has a *potential* conflict of interest * * *.

14
15   *Id.* quoting *Dye v. Brown* (*In re AFI Holding, Inc.*), 355 B.R. 139, 154 (9th Cir.

16   BAP 2006) (quoting *In re Marvel Entm't Group*, 140 F.3d 463, 476 (3d Cir. 1998)

17   (italics and brackets in original).

18        Here, there is an actual conflict of interest with no work-around for PSZJ

19   and BK. This is because the Bankruptcy Code does not permit a debtor-in-

20   possession to negate a conflict by signing a waiver "because the ultimate party at

21   interest is the creditors of the bankruptcy estate." *In re Perry*, 194 B.R 875, 880

22   (E.D. Cal. 1996). Moreover, PSZJ and BK's dual representation in the Adversary

23   Proceeding is a conflict that may not be waived under the Washington Rules of

24   Professional Conduct ("WRPC"). WRPC 1.7(b) only permits an attorney to

25   represent a client despite a current conflict of interest where that attorney is not

26

NOTICE AND MOTION TO DISQUALIFY PACHULSKI STANG ZIEHL & JONES
LLP AND BUSH KORNFELD LLP AS COUNSEL FOR DEBTORS - 7

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

asserting a claim against another client in the same litigation. This, however, is squarely what PSZJ and BK must do in the Adversary Proceeding.

The Sale Proceeds represent a limited set of funds with competing demands as to ownership and valuation by Ranches and by Farms. Each Debtor entity must advocate to recover as much as it can from the Sale proceeds, which proceeds **are not enough to pay all creditors in both estates in full.** The interests of each estate are not parallel, but are in direct conflict. *In re BH & P Inc.*, 949 F.2d 1300, 1314 (3d Cir. 1991) (considering whether estates' interests are parallel or conflicting as one factor when determining whether same counsel may represent multiple debtors and stating that even where a per se rule does not apply against multi-debtor representation, an actual conflict in interest will disqualify the attorney). Where counsel's professional judgment and advocacy would be clouded by divided loyalty, as it is here, such counsel must be disqualified. *In re WM Distribution, Inc.*, 571 B.R. 866, 874 (Bankr. D. NM 2017) ("A court should approve a debtor's choice of counsel, 'only when that professional's judgment and advocacy would be unclouded by divided loyalty.'") (quoting *In re Interwest Business Equipment, Inc.*, 23 F.3d 311, 316 (10th Cir. 1994)); *see also Rome v. Braunstein*, 19 F.3d 54, 58 (1st Cir. 1994) (§ 327's requirements "serve the important policy of ensuring that all professionals appointed pursuant to section 327(a) tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities.").

Anticipating that a potential conflict could become an actual conflict – like now exists in the Adversary Proceeding—the court stated at the March 15th hearing that in such a circumstance, PSZJ and BK would not act as counsel for either Debtor. But that has not occurred here notwithstanding the fact that counsel for Mrs. Easterday has raised this conflict concern multiple times.

NOTICE AND MOTION TO DISQUALIFY PACHULSKI STANG ZIEHL & JONES LLP AND BUSH KORNFELD LLP AS COUNSEL FOR DEBTORS - 8

As the court in *In re Raymond Professional Group, Inc*. cautioned,

> [a]n attorney who is allowed to represent multiple debtors in * * * Chapter 11 cases must be especially careful not to violate these ongoing employment requirements by preferring one debtor over another. `Each debtor-in-possession owes a fiduciary duty to its creditors. * * * Thus, when an attorney representing multiple debtors-in-possession works to benefit one debtor's estate or creditors at the expense of another debtor's estate or creditors, the attorney risks breaching its fiduciary duties to the forsaken debtor-in-possession. In such a situation, the attorney would represent an interest—that of the preferred debtor-in-possession—adverse to the forsaken debtor-in-possession and its creditors, a disqualifying conflict.

421 B.R. 891, 903 (Bankr. N.D. Ill. 2009).

That is precisely what is occurring in this case. PSZJ and BK cannot satisfy their fiduciary obligations to **both** Debtors while simultaneously responding to discovery and preparing for trial on questions of which **particular** Debtor owned certain property and how much that property is worth such that **that particular Debtor's estate** would benefit from any recovery at the expense of the other Debtor's estate.

Rather, the concurrent representation of Ranches and Farms in the Adversary Proceeding by PSZJ and BK means that the Debtors' estates are competing with one another for the same funds and using the same lawyers to do so. This runs afoul of the requirements of section 327 and means that PSZJ and BK are not disinterested and represent interests adverse to each estate. To continue such representation is a direct breach of ethics under the Washington Rules of Professional Conduct. *MidTown Limited Partnership v. Bangasser*, 13 Wash.App.2d 1046 (2020) ("RPC 1.7 prohibits a lawyer from representing a client

NOTICE AND MOTION TO DISQUALIFY PACHULSKI STANG ZIEHL & JONES LLP AND BUSH KORNFELD LLP AS COUNSEL FOR DEBTORS - 9

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

if a concurrent conflict of interest exists. 'A concurrent conflict of interest exists
if: (1) the representation of one client will be directly adverse to another client; or
(2) there is a significant risk that the representation of one or more clients will be
materially limited by the lawyer's responsibilities to another client * * *.'")
(internal citations omitted); *In re Marriage of Wixom and Wixom*, 182 Wash.App.
881 (2014) (disqualifying attorney and stating that lawyer represented conflicting
interests when, on behalf of one client, it was the lawyer's duty to contend that
which the lawyer's duty to another client required him to oppose).

  The issue of who can be appointed as new counsel on behalf of Ranches and
Farms also needs to be revisited. It is not as simple as appointing the creditors
committees as counsel for the respective Debtors. The Adversary Proceeding is
not a dispute over intercompany accounts, as was discussed at the employment
hearing. Rather, the result of the Adversary Proceeding may be that the Farms'
estate is solvent and has significant equity for the partners. The counsel
representing the Farms' estate has a fiduciary duty to represent all creditors,
including equity, and must advocate for that position. *In re Asarco*, L.L.C., 650
F.3d 593, 601 (5th Cir. 2011) (recognizing debtor-in-possession has fiduciary
duties to debtor, creditors, and equity holders); *In re Nucletron Manufacturing
Corp.*, No. 93-34486S, 1994 WL 16191611, at *3 (Bankr. E.D. Va. March 17,
1994) ("The debtor-in-possession owes not only a fiduciary duty to the creditors
but to the equity holders as well.") citing *Commodity Futures Trading Commission
v. Weintraub*, 471 U.S. 343 (1985).

  As currently constituted, the Farms' committee counsel only represents the
interests of the Farms' general unsecured creditors. It does not represent the
interests of the entire bankruptcy estate, which a debtor's counsel would be
charged with representing. Thus, either conflicts counsel needs to be appointed for

NOTICE AND MOTION TO DISQUALIFY PACHULSKI STANG ZIEHL & JONES
LLP AND BUSH KORNFELD LLP AS COUNSEL FOR DEBTORS - 10

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

1  the purposes of the Adversary Proceeding or this Court needs to expressly expand

2  the committees counsels' duties in the Adversary Proceeding to include

3  representation of the entire estate, not just the interests of the unsecured creditors.

4  Otherwise, the committees' representation would stop at payment of its present

5  constituents' claims and leave the remainder of Debtors' estates without proper

6  representation.[2]

7                                    **CONCLUSION**

8           Legal ethics, as well as the employment requirements imposed on

9  bankruptcy estate professionals, ensure transparency and unbiased representation

10 of, and undivided loyalty to, the bankruptcy estate, its creditors, and equity holders.

11 Pachulski Stang Ziehl & Jones LLP and Bush Kornfeld LLP must be disqualified

12 as counsel for Debtors in the Adversary Proceeding because they are not

13 disinterested and hold interests adverse to each estate.  They simply cannot

14 advocate for both estates in the Adversary Proceeding.  Consistent with the

15 comments of PSZJ, the Ranches Committee, the Farms Committee, and the court

16 leading up to and at the March 15, 2021 hearing, and for the reasons set forth

17 herein, this court must order PSZJ and BK to immediately cease representing

18 * * *

19 * * *

20 * * *

21 * * *

22 * * *

23 * * *

24

25 [2] The Easterdays cannot represent the equity interests as they will be representing
   their own individual ownership interests and are not being compensated by the
26 bankruptcy estate to represent the estate's interests.

NOTICE AND MOTION TO DISQUALIFY PACHULSKI STANG ZIEHL & JONES
LLP AND BUSH KORNFELD LLP AS COUNSEL FOR DEBTORS - 11

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

1 Ranches and Farms in this Adversary Proceeding.  Appropriate counsel that can

2 fully represent the interests of each respective debtor must be appointed to replace

3 PSZJ and BK.

4        Dated:  December 14, 2021.

5                                     TONKON TORP LLP

6

7                                 By *&#47;s&#47; Timothy J. Conway*

8                                    Timothy J. Conway, WSBA 52204

9                                    Attorneys for Karen L. Easterday, individually and as personal representative of the Estate of Gale A. Easterday

10

11 042047\02001\13046083v2

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE AND MOTION TO DISQUALIFY PACHULSKI STANG ZIEHL & JONES LLP AND BUSH KORNFELD LLP AS COUNSEL FOR DEBTORS - 12