| | |
|---|---|
| ARMAND J. KORNFELD (WSBA #17214)<br>THOMAS A. BUFORD (WSBA #52969)<br>RICHARD B. KEETON (WSBA #51537)<br>BUSH KORNFELD LLP<br>601 Union Street, Suite 5000<br>Seattle, WA 98101<br>Tel.: (206) 292-2110<br>Facsimile: (206) 292-2104<br>Emails: jkornfeld@bskd.com, tbuford@bskd.com, and rkeeton@bskd.com<br><br>RICHARD M. PACHULSKI (admitted *pro hac vice*)<br>JEFFREY W. DULBERG (admitted *pro hac vice*)<br>MAXIM B. LITVAK (admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067-4003<br>Tel: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Emails: rpachulski@pszjlaw.com, jdulberg@pszjlaw.com, and mlitvak@pszjlaw.com<br><br>*Attorneys for Plaintiffs,*<br>*Debtors and Debtors in Possession* | HONORABLE WHITMAN L. HOLT<br><br>Hearing Date: December 21, 2021<br>Hearing Time: 2:00 p.m. Pacific Time<br>Location: Telephonic |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br>EASTERDAY RANCHES, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br>Lead Case No. 21-00141-WLH11<br>Jointly Administered |
| EASTERDAY RANCHES, INC. and EASTERDAY FARMS,<br><br>Plaintiffs,<br>v.<br>ESTATE OF GALE A. EASTERDAY (DECEASED), KAREN L. EASTERDAY, CODY A. EASTERDAY, AND DEBBY EASTERDAY<br><br>Defendants. | Adv. Pro. No. 21-80050 (WLH)<br><br>**PLAINTIFFS' OBJECTION TO MOTION FOR RECONSIDERATION OF SCHEDULING ORDER** |

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

Easteday Ranches, Inc. ("Ranches") and Easterday Farms ("Farms"), the above-captioned debtors and debtors in possession (together, the "Debtors" or "Plaintiffs"), hereby file this objection (the "Objection") to the (i) *Motion for Reconsideration* [Adv. Pro. Docket No. 29] (the "Motion") filed by Karen Easterday, individually and as the personal representative of the estate of Gale A. Easterday ("Karen Easterday") and (ii) *Joinder in Support of Motions Filed by Karen Easterday* [Adv. Pro. Docket No. 31] filed by Cody and Debby Easterday (together with Karen Easterday, the "Defendants"). In support of the Objection, the Debtors respectfully states as follows:[2]

## OBJECTION

As set forth in the Motion, Defendants request that the court reconsider the *Scheduling Order* [Adv. Pro. Docket No. 22] (the "Scheduling Order") because (1) the court misunderstood the state of discovery and (2) the established timeline deprives the Defendants of a fair trial. However, there is no "misunderstanding" with respect to discovery, as everything related to the ownership of the Disputed Property ***is in the Defendants' possession***. Moreover, as the court previously observed, due process is not impinged when a court operates within the confines of statutory timeframes and the Defendants have not otherwise identified a "technical inadequacy" of the Scheduling Order. *See, e.g.*, *In re Commer. Millwright Serv. Corp.*, 1995 Bankr. LEXIS 2180, at *3 (Bankr. N.D. Iowa Sept. 15, 1995) ("According to the Bankruptcy Rules and applicable Federal Rules of Civil Procedure, an order of a bankruptcy court is void if it is issued in a manner inconsistent with the due process clause of the 5th Amendment. In order to warrant relief from such an order, ***the moving party must both identify the technical inadequacies and establish a denial of its right to due process***.") (internal citations omitted) (emphasis added). Here, the Defendants are represented by sophisticated counsel and there is nothing to suggest that ownership of the Disputed

---

[2] In connection with the Motion, Defendant filed its *Motion to Shorten Time as to Her Motion to Disqualify Pachulski Stang Ziehl & Jones LLP and Bush Kornfeld LLP, and Motion for Reconsideration* [Adv. Pro. Docket No. 30] (the "Motion to Shorten"), requesting that a hearing on the Motion be scheduled for December 21, 2021 at 11:00 a.m. The Debtors do not oppose the Motion to Shorten.

em20dn014f

21-80050-WLH    Doc 34    Filed 12/21/21    Entered 12/21/21 09:57:35    Pg 2 of 5

Property cannot properly be litigated over the next four (4) months (and seven (7) months from the filing of the complaint).

### A.     Defendants are in Possession of the Debtors' Books and Records

The Debtors are at a loss as to why Defendants assert that "Debtors hold some of the Easterdays' personal records for which the Easterdays have been searching." Motion at 6:8–10. This is the first time the Debtors have heard this allegation. Prior to the petition date, the Debtors' professionals imaged (*i.e.*, copied) the hard drives that contained the Debtors' information – a task that was complicated by the fact that access to the hard drives are controlled by Easterday Produce Co., a non-debtor affiliate controlled by the Defendants. The Debtors' professionals also arranged for all of the Debtors' paper books and records to be removed from the Debtors' shared premises with Easterday Produce Co., scanned and imaged offsite, and returned.

In other words, ***the Defendants are in possession and control – and have remained in possession and control since the petition date – of all of the relevant discoverable material***.

### B.     The Scheduling Order Provides Adequate Time for Discovery

Defendants argue that the Scheduling Order does not provide adequate time for the "necessary discovery" to occur, but fails to cite any case law establishing that the established timeline is inadequate or otherwise inappropriate.[3] Nor do the Defendants propose an alternative timeline.

The complaint was filed nearly ***three (3) months ago*** and Karen Easterday ***has already served two sets of document requests*** upon the Debtors. Accordingly, it is inexplicable why close of written discovery four (4) months from the filing of the complaint (which the Debtors elected not to amend) is inadequate, inappropriate, or otherwise deprives the Defendants of due process.

---

[3] The Debtors dispute that Karen Easterday's property is being "taken away from her." As set forth in the complaint, the Debtors seek a determination that the Disputed Property was never the Karen Easterday's property in the first place.

### C. The Trial Schedule Is Reasonable Under the Circumstances

Defendants paint in broad brushstrokes that the established timeline does not give the Defendants a "fair opportunity" to present their side of the story. However, Defendants yet again fails to cite any case law establishing that the trial schedule is inadequate. The Plaintiffs submit that the Scheduling Order is in fact appropriate and reflects a proper balancing of interests, including the interests of the Debtors' creditors that, through the Farms Committee and Ranches Committee, support the established timeline as a means of bringing these chapter 11 cases to a conclusion. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("due process is flexible and calls for such procedural protections as the particular situation demands"); *Franceschi v. Yee*, 887 F.3d 927, 935 (9th Cir. 2018) ("It is well-established that because due process is a flexible concept, '[p]recisely what procedures the Due Process Clause requires in any given case is a function of context.'") (quoting *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 983 (9th Cir. 1998)); *Wahl v. Morton Cty. Soc. Servs.*, 1998 ND 48, 574 N.W.2d 859, 862 ("Due process is flexible and must be analyzed on a case-by-case basis, balancing the competing interests and assessing whether the basic due process requirement of fairness has been satisfied.").

Moreover, there is nothing exceptionally compact about the Scheduling Order. The trial is scheduled to begin April 18, 2022 – nearly **seven (7) months after the filing of the complaint**.

Finally, as the court previously observed, the Scheduling Order incorporates four (4) telephonic status conferences – a status conference approximately one to two weeks prior to each significant deadline. For example, there is a status conference scheduled for January 12, 2022 – a week after the close of written discovery and approximately three (3) weeks before the deadline to complete production. If a party requires more time to produce documents, the Plaintiffs expect such party to raise a concern at the January 12th status conference and for the court to adjust the schedule as it deems

4

necessary and appropriate – but there is no reason that the court must or should reconsider the Scheduling Order at this time.

Dated: December 21, 2021    BUSH KORNFELD LLP

*/s/ Thomas A. Buford, III*
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
MAXIM B. LITVAK (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Plaintiffs,
Debtors and Debtors in Possession*